UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

CENTURYLINK COMMUNICATIONS, LLC

    Plaintiff,

v.

BILLY CRUM and SABRINA CRUM d/b/a CHEROKEE UNDERGROUND SOLUTIONS; and CHEROKEE UNDERGROUND SOLUTIONS, LLC,

    Defendants.

Case No. 3:21-cv-216

## COMPLAINT

Plaintiff CenturyLink Communications, LLC ("CTL") for its Complaint against Defendants Billy Crum and Sabrina Crum d/b/a Cherokee Underground Solutions; and Cherokee Underground Solutions, LLC (collectively "Defendants"), allege and state:

### JURISDICTION AND VENUE

1. Plaintiff CTL is a Louisiana limited liability company with its principal place of business in Louisiana. CTL's sole member is CenturyLink, Inc., a Louisiana corporation with its principal place of business in Louisiana.

2. Upon information and belief, Defendants Billy and Sabrina Crum are individual residents of North Carolina who, at the time of the incidents giving rise to this action, were doing business as Cherokee Underground Solutions.

3. Upon information and belief, Defendant Cherokee Underground, LLC is a North Carolina limited liability company with its principal place of business in Statesville, North Carolina.

4. Upon information and belief, Defendant Cherokee Underground's sole member is Sebrina Crum, an individual citizen of North Carolina.

5. The acts and/or omissions giving rise to this action occurred in the City of Pineville, Mecklenburg County, North Carolina.

6. The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). This Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c)(2).

## GENERAL FACTUAL BACKGROUND

8. CTL is a telecommunications company that provides telecommunications services through, among other means, a nationwide network of fiber-optic cable, much of which is buried underground. CTL's fiber-optic cable network is capable of carrying hundreds of thousands of telecommunications.

9. By agreement with and/or permit (the "Permit") from the State of North Carolina, Mecklenburg County and/or the City of Pineville, CTL possesses the right to install and operate a fiber-optic cable system in the rights-of-way of, and under, various streets in Pineville. In accordance with the Permit, CTL installed and operates a fiber-optic telecommunications cable at or near Main Street and the Norfolk Southern Railroad crossing (nearest cross street Dover) in or near Pineville, Mecklenburg County, North

2

Case 3:21-cv-00216-RJC-DSC   Document 1   Filed 05/07/21   Page 2 of 8

Carolina (the "Cable"). By virtue of the Permit, CTL is entitled to undisturbed possession of that right and of the portion of the ground in the area at or near Main Street and the Norfolk Southern Railroad crossing (nearest cross street Dover) in which CTL installed and was operating the Cable.

10. At all times relevant to this action, CTL was a member of the statewide Notification Center, a/k/a NC 811, as required by N.C. Gen. Stat. § 87-120.

11. Pursuant to N.C. Gen. Stat. § 87-122(a), before commencing any excavation, the person responsible for the excavation must provide notice of the intended excavation to NC 811.

12. Pursuant to N.C. Gen. Stat. § 87-122(b)(1), the notice to NC 811 must include an accurate description of the location of the proposed excavation.

13. Prior to May 10, 2018, CTL had, in compliance with N.C. Gen. Stat. § 87-121(a), properly and accurately marked the horizontal location of the Cable at and around Main Street and the Norfolk Southern Railroad crossing (nearest cross street Dover) with orange paint marks on the surface of the ground. Those orange paint marks were in place and plainly visible when Defendants, or one of them, began excavating with mechanized equipment in that area on May 10, 2018.

## FIRST CLAIM FOR RELIEF – TRESPASS

14. CTL adopts and incorporates by reference all allegations contained in paragraphs 1 through 13 above.

15. On or about May 10, 2018, Defendants, or one of them, without CTL's knowledge or consent, and against CTL's will, excavated with mechanized equipment at

or near Main Street and the Norfolk Southern Railroad crossing (nearest cross street Dover), Pineville, Mecklenbug County, North Carolina.

16. On or about May 10, 2018, Defendants, or one of them, in violation of N.C. Gen. Stat. § 87-122(c)(9), excavated with mechanized equipment directly across, and thus within the 24-inch tolerance zone on either side of the orange paint marks CTL had placed in and on the ground prior to May 10, 2018 to mark the approximate horizontal location of the Cable without: (a) visually identifying the precise location of the Cable or confirming that the Cable was not present at the depth Defendants, or one of them, intended to excavate; (b) taking reasonable precautions to avoid penetration or destruction of the Cable; and (c) maintaining the clearance between the Cable and the cutting edge or point of Defendants', or one of their, mechanized equipment reasonably necessary to avoid damaging the Cable.

17. On or about May 10, 2018, without CTL's knowledge or consent, and against CTL's will, Defendants, or one of them, damaged the Cable while excavating with mechanized equipment as described in paragraphs 15-16 above.

18. At the point where Defendants, or one of them, severed the Cable, the Cable was buried completely within the right-of-way at or near Main Street and the Norfolk Southern Railroad crossing (nearest cross street Dover), Pineville, Mecklenbug County, North Carolina.

19. Defendants', or one of their, actions and/or omissions interfered with and substantially diminished CTL's materially valuable interest in the physical condition, quality and value of the Cable; disturbed CTL's rights of use or servitude in that portion of

the right-of-way of Main Street in which CTL had installed the Cable pursuant to the Permit; and deprived CTL of the use of the Cable.

20. As a result of Defendants', or one of their, actions and/or omissions, CTL has sustained actual damages in excess of $75,000.00, including, but not limited to, direct and indirect costs of repairs and the loss of the use of the Cable.

21. Defendants', or one of their, actions exhibited a conscious and intentional disregard of CTL's rights and safety which Defendants, or one of them, knew, or should have known, were reasonably likely to result in damage to the Cable.

22. Defendants', or one of their, officers, directors, or managers participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

**WHEREFORE**, CTL prays this Court grant judgment in its favor against Defendants, or one of them, on CTL's First Claim for Relief, awarding CTL actual damages in excess of $75,000.00; punitive damages in an amount sufficient to punish Defendants, or one of them, for their wrongful acts and to deter Defendants, or one of them, from committing similar wrongful acts; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

### SECOND CLAIM FOR RELIEF – NEGLIGENCE

23. CTL adopts and incorporates by reference all allegations contained in paragraphs 1 through 22 above.

24. Defendants, or one of them, owed duties to CTL to use due care when excavating in the vicinity of the Cable and to ensure its employees were properly trained and supervised.

25. Defendants, or one of them, breached these duties on or about May 10, 2018. These breaches included, but are not limited to, the following:

    a. Failing to plan the excavation to avoid damage to, and minimize interference with, the Cable as required by N.C. Gen. Stat. § 87-122(c)(3) and reasonable and accepted industry standards;

    b. Excavating with mechanized equipment within the 24-inch tolerance zone on either side of the orange paint marks CTL had placed in and on the ground prior to May 10 8, 2018 without visually identifying the precise location of the Cable or confirming that the Cable was not present at the depth Defendants, or one of them, intended to excavate as required by N.C. Gen. Stat. § 87-122(c)(9)(a)(1);

    c. Excavating with mechanized equipment within the 24-inch tolerance zone on either side of the orange paint marks CTL had placed in and on the ground prior to May 10, 2018 without taking reasonable precautions to avoid penetration or destruction of the Cable as required by N.C. Gen. Stat. § 87-122(c)(9)(a)(2);

    d. Failing to maintain the clearance between the Cable and the cutting edge or point of its mechanized equipment reasonably required to avoid damage to the Cable as required by N.C. Gen. Stat. § 87-122(c)(9)(b);

    e. Failing to determine the exact location of the Cable by safe and acceptable means when the excavation approached the approximate location of the

Cable as required by 29 CFR § 1926.651(b)(3) and reasonable and accepted industry standards;

 f. Failing to adequately train their employees regarding excavation in and around the Cable and the precautionary measures that should be taken during such activity as required by N.C. Gen. Stat § 87-123(a);

 g. Failing to adequately supervise their employees who were excavating in and around the Cable; and

 h. Failing to ensure their employees who were excavating in and around the Cable were capable of complying, and complied, with all applicable statutes, regulations and reasonable and accepted industry standards and practices for such activity as required by N.C. Gen. Stat § 87-123.

26. As a result of Defendants', or one of their, actions and/or omissions, CTL has sustained damage to and loss of use of the Cable which have resulted in actual damages to CTL in an amount to be determined at trial but not less than $75,000.00, including, but not limited to, direct and indirect costs of repair and the loss of the use of the Cable.

27. Defendants', or one of their, actions exhibited a conscious and intentional disregard of CTL's rights and safety which Defendants, or one of them, knew, or should have known, were reasonably likely to result in damage to the Cable.

28. Defendants', or one of their, officers, directors, or managers participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

WHEREFORE, CTL prays this Court grant judgment in its favor against Defendants, or one of them, on CTL's Second Claim for Relief, awarding CTL actual damages in excess of $75,000.00; punitive damages in an amount sufficient to punish Defendants, or one of them, for their wrongful acts and to deter Defendants and others from committing similar wrongful acts; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Derek M. Bast*

Derek M. Bast, NC Bar #49069
Sean C. Wagner, NC Bar #50233
**WAGNER HICKS PLLC**
831 E. Morehead Street, Suite 860
Charlotte, NC 28202
Telephone: (704) 705-7358
Email: derek.bast@wagnerhicks.law
　　　　sean.wagner@wagnerhicks.law

Anthony J. Jorgenson
*Pro Hac Vice application forthcoming*
Katie N. Wagner
*Pro Hac Vice application forthcoming*
**HALL, ESTILL, HARDWICK, GABLE,
　GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone: (405) 553-2800
Facsimile: (405) 553-2855
Emai: ajorgenson@hallestill.com
　　　　kwagner@hallestill.com

**ATTORNEYS FOR PLAINTIFF
CENTURYLINK COMMUNICATIONS,
LLC**